JAMES R. BACK
169 B East Beluga Ave
Soldotna, Alaska 99669
Email: alldef2014@yahoo.com



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case # 3:14-cr-00020-RRB-JDR |
| | ) | |
| vs. | ) | |
| | ) | MOTION TO STRIKE / DISMISS |
| JAMES R. BACK, | ) | INDICTMENT |
| Alleged Defendant. | ) | |

**MOTION TO STRIKE / DISMISS INDICTMENT**

Now comes James R. Back, alleged defendant and, not submitting to the court's purported yet unproven jurisdiction, nor 'appearing,' but being compelled to participate, moves this court to strike/dismiss the complaint filed by UNITED STATES OF AMERICA for lack of standing and jurisdiction, for the grounds set forth below.

1. <u>No case presented</u>. The court's jurisdiction is limited to only cases:

> "The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States..." Article III § 2, <u>United States constitution</u>.

A case is not synonymous with indictment or allegation. A case consists of two basic elements: *injuria et damnum*. This has been spelled out in numerous court opinions for hundreds of years. From the US Supreme Court:

> "[T]he duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted

in the particular case before it." *Tyler v. Judges of the Court of Registration*, 179 US 405, 408.

There are no allegations and supporting facts that I violated any of the rights of the alleged plaintiff. There is no case pled. Without a case, there is no jurisdiction.

This is also why the indictment is "unfit for adjudication," because there are no true adversaries. Because American courts are supposedly adversary systems, the indictment must be dismissed:

> "The [Supreme] Court has found unfit for adjudication any cause that "is not in any real sense adversary," that "does not assume the 'honest and actual antagonistic assertion of rights' to be adjudicated..." *Poe v. Ullman*, 367 U.S. 497, 505 (1961).

Even if the *corpus delecti* argument is not used, there is no doubt this is not an adversary proceeding, as there are no allegations I violated any legal rights. If the assigned judge insists the laws of the plaintiff United States apply to me, then this proceeding is inquisitorial in nature and would explain the lack of a presumption of innocence.

2. There is no *corpus delecti*. The *corpus delecti* is related to standing and must be proven in every prosecution. *Corpus delecti* has two elements:

   > "Component parts of every crime are the occurrence of a specific kind of injury or loss, somebody's criminality as source of the loss, and the accused's identity as the doer of the crime; the first two elements are what constitutes the concept of *"corpus delecti."* *U.S. v. Shunk*, 881 F.2d 917, 919 C.A. 10 (Utah).

   > "The *corpus delecti* of a crime consists of two elements: (1) the fact of the injury or loss or harm, and (2) the existence of a criminal agency as its cause [citations omitted] there must be sufficient proof of both elements of the *corpus delecti* beyond a reasonable doubt." 29A American Jurisprudence Second Ed., Evidence § 1476.

   Without a *corpus delecti* there is no crime.

3. Lack of evidence proving jurisdiction. There are no facts pled proving my presence within the United States and the alleged District, nor are any facts presented that the codes of the

United States are applicable to me. Such evidence is essential to prove jurisdiction, as the court only has jurisdiction over violations of the constitution and code. The applicability of the code is also an essential element of the alleged code violations.

The alleged plaintiff is supposed to be the "United States of America". As such, the 'United States of America' cannot appear as a *plaintiff*, through counsel, as a representative of a geographic area. Is the prosecutor claiming to represent the ground? Mere geographic location is not evidence of presence within the alleged plaintiff, the United States of America, which, unlike the ground, did not exist before July 4, 1776. The alleged judicial district, also a political fiction, did not exist prior to 1789, or, in the case of Alaska, did not exist prior to 1884.

It is impossible to prove my presence within the plaintiff beyond a reasonable doubt, or by a preponderance of evidence, because there are no facts; it's a political opinion, a fiction. The prosecution offers no facts, and will certainly only present red herrings and *ad hominem* attacks if this issue is addressed at all [no doubt the word "frivolous" will be used *ad nauseam*]. The alleged plaintiff, 'United States of America,' obviously not geographic, is, at best, a political pseudonym for politicians, bureaucrats, public employees, lawyers, judges and others acting as a government.

The plaintiff has offered, and will continue to offer, only arguments that the laws of the plaintiff apply. The plaintiff can only compound the argument with more legal citations, and arguments without any facts, as if stacking legal opinions, arguments and citations will become facts, if just cited enough.

The best the prosecution can do is argue that I am within the territorial jurisdiction of the court. The prosecution has no facts to support this argument. All the prosecution can do to support this argument is to then argue that the code provides for jurisdiction if the prosecution

alleges I have violated the code. It's a cascade of arguments; the prosecution has no evidence proving the constitution and code apply to me in the first place.

The prosecution wants mere arguments and allegations to suffice as evidence. The prosecution's entire position on jurisdiction rests on 'the court has jurisdiction because we've alleged a violation – the code says so,' though they have no facts to prove the constitution and code apply to me.

4. Presumption of innocence. The assigned judge is obligated to presume not only my innocence of the charges, but also that jurisdiction does not exist unless proven by competent evidence:

> "... if a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188-89; *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278; *Gibbs v. Buck*, 307 U.S. 66, 72." *Thomson v. Gaskill*, 315 U.S. 442, 446.

That includes the applicability of the codes I am accused of violating. The applicability of the codes, as with jurisdiction, is an essential element of the alleged code violation, and the judge is obligated to presume the codes do not apply.

If the judge assumes the codes apply [as he has already done, by forcing me to participate,] then he is assuming an element of the crime, without any facts being presented and challenged. A fair trial is not possible if essential elements of the alleged crimes are assumed without any facts being presented.

All the prosecution has are allegations and arguments that the code was violated, and will certainly cite the code itself, as if that is evidence the code applies. But that is circular logic, not evidence, and should be rejected by the court.



The prosecution is required to have facts in evidence to support all of the arguments,

including the argument that there is jurisdiction over me. Going outside the evidence is misconduct:

> "The prosecutor "violated a fundamental rule, known to every lawyer, that argument is limited to the facts in evidence." *United States ex rel. Shaw v. De Robertis*, 755 F.2d 1279, 1281 (7th Cir.1985).

The indictment is not evidence; it contains only allegations, and nothing about facts the code applies to me in the first place – just allegations I violated it:

> "We risk stating the **obvious** here: **a complaint is merely an accusation of conduct and not**, of course, **proof that the conduct alleged occurred**. The prosecution did not introduce evidence that Bailey misused the SEC rules — rather, **the prosecution offered only the complaint, which is far from evidence of anything**. Admitting the complaint may have permitted the jurors to succumb to the simplistic reasoning that if the defendant was accused of the conduct, it probably or actually occurred. **Such inferences are impermissible**.
>
> The government barely addresses this issue but instead leans heavily on the purpose for which the evidence was offered, i.e., "to prove that defendant acted intentionally, knowing that his actions were wrong." There is some logic to the argument that evidence that Bailey had previously been accused of violating Rule S-8 shows that he was on notice of the type of prohibited conduct. **But this is not enough**. The prosecution was still required to prove that the evidence was sufficient to support a finding that Bailey committed the act charged in the complaint. **This a mere complaint cannot do**." *U.S. v. Bailey*, 696 F.3d 794, 801 (2012) (emphasis added).

There is nothing in the indictment about evidence the constitution and code apply. Even if the indictment could be considered evidence, it's still insufficient to prove jurisdiction, as there are no facts showing the code is applicable to me. All the prosecution has are arguments.

//

//

//

//

//

Page 5 of 6

Case 3:14-cr-00020-RRB   Document 27   Filed 05/05/14   Page 5 of 7

## Conclusion

Because the indictment does not present facts proving the constitution and code apply, nor a case, nor legitimate adversaries, there is no jurisdiction. The presumption of innocence, and basic principals of fairness, does not permit the assumption of essential elements of the alleged crimes (jurisdiction, applicability of codes) in complete absence of any facts. The trial judge is obligated to presume innocence, not assume the laws apply based on nothing more than the prosecution's allegations and argument; the presumption of innocence includes every element of the code violations.

WHEREFORE, alleged defendant moves this court to enter an order dismissing the indictment filed against him for lack of Jurisdiction, expunge all records of arrest and incarceration, and, in light of the plaintiff's prior knowledge of the defects in the indictment, compensate alleged plaintiff for mental stress, embarrassment and time spent unjustly incarcerated, and grant such other and further relief as the court may deem reasonable and just under the circumstances.

Submitted this 30th day of April 2014.   *James Back*
JAMES R. BACK - All rights reserved.

CERTIFICATE OF SERVICE
MOTION TO STRIKE / DISMISS INDICTMENT

This is to certify that a true and correct copy of the foregoing has been delivered by ( ___hand _X_mail ___Fax ___CM/ECF ) this 30th day of April , 2012, to the plaintiff at the following address:

UNITED STATES OF AMERICA
KAREN L LOEFFLER, U.S. Attorney
THOMAS C. BRADLEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Karen.Loeffler@usdoj.gov
       Thomas.Bradley@usdoj.gov

*James Back*
JAMES R. BACK – All rights reserved