KAREN L. LOEFFLER
United States Attorney

THOMAS C. BRADLEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Thomas.Bradley@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:14-cr-00020-RRB-JDR |
| | ) | |
| Plaintiff, | ) | **RESPONSE IN** |
| | ) | **OPPOSITION TO** |
| vs. | ) | **DEFENDANT'S MOTION** |
| | ) | **TO STRIKE/DISMISS** |
| JAMES R. BACK, | ) | **INDICTMENT** |
| | ) | |
| Defendant. | ) | |

Comes now the Plaintiff, the United States of America, by and through undersigned counsel, and files this opposition to Defendant James R. Back's Motion to Strike/Dismiss Indictment, filed at Docket 27.  The motion is unsupported by the facts or the law, and should be denied.

Defendant seeks to dismiss the Indictment based on frivolous challenges to the Court's jurisdiction and absurd claims that the tax laws of the United States, or the criminal laws for that matter, do not apply to him absent some showing of "evidence" by the prosecution.

As long as the indictment contains the elements of the offense charged, fairly informs the defendant of the charge against which he must defend, and enables him to "plead an acquittal or conviction in bar of future prosecution for the same offense," the indictment is constitutionally sufficient notice of the charges. *United States v. Vroman*, 975 F.2d 669, 670-71 (9th Cir. 1992) (*quoting Hamling v. United States*, 418 U.S. 87, 117 (1974)). In a similar vein, the Ninth Circuit rejected the argument that an indictment charging a violation of 26 U.S.C. § 7206 and setting forth the elements of the offense was insufficient. *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993). An indictment need only provide "the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts." *Id.*

//

The defendant claims that there is no "case" against him because there is "No case presented." The United States District Court has original jurisdiction of all offenses against the laws of the United States that occur in this district. 18 U.S.C. 3231. Any claim that the district court has no jurisdiction over Title 26 of the United States Code, also referred to as the Internal Revenue Code, is "frivolous and without merit." *United States v. Amon*, 669 F.2d 1351, 1355 (10th Cir. 1981). The argument that Section 3231 only provides jurisdiction over Title 18 offenses has been rejected numerous times. *See. e.g., United States v. Collins*, 920 F.2d 619, 628-29 and 623 n.2 (10th Cir. 1990)(rejecting argument as "silly," "frivolous," and a "fantasy").

The defendant relies on *Poe v. Ullman*, 367 U.S. 497 (1961). This reliance is misplaced. *Poe* was a challenge to Connecticut's law against contraception, and a precursor to the Court's landmark decision in *Griswold v. Connecticut*, 381 U.S. 479 (1965). The plaintiffs, who sought declaratory relief against the Connecticut law, were barred because they could not show the law had been or would be enforced against them, given that the state did not actually enforce the laws against anyone for 80 years. *Id.* At 503-05. "The fact that Connecticut

has not chosen to press the enforcement of this statute deprives these controversies of the immediacy which is an indispensable condition of constitutional adjudication. This Court cannot be umpire to debates concerning harmless, empty shadows." *Id.* At 508.

Had Connecticut charged the plaintiffs in *Poe* with a crime, they could have then challenged the legitimacy of the statute. In fact, that is exactly what happened in *Griswold*, where the appellants were convicted of violating the statute, and succeeded in overturning the statute as unconstitutional on privacy grounds. 381 U.S. at 485-86.

Here, Back has been charged with committing tax crimes. He is free to challenge the validity of these statutes on appeal if he is convicted, although prior case law would indicate that he will not succeed.

Back next challenges the Indictment on *corpus delecti* grounds. This theory is based on the legal maxim that "It is a settled principle of the administration of criminal justice in the federal courts that a conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused." *Wong Sun v. United States*, 371 U.S. 471, 488-89 (1963). He unhelpfully cites *United States v.*

*Shunk*, 881 F.2d 917 (10th Cir. 1989). Shunk was convicted of being a felon in possession of a firearm, based in part on admissions made to police. The court of appeals held that "The defendant's argument is unavailing. The corpus delicti issue is not relevant to this case because we conclude that the concept of corpus delicti has no practical application to the crime of which the defendant was convicted." *Shunk*, 881 F.2d at 919. "The requirement that the prosecution demonstrate the existence of the corpus delicti of a crime is a vestige of a time when brutal methods were commonly used to extract confessions, sometimes to crimes that had not been committed." *Id.* (internal quotations and citation omitted).

The *Shunk* court recognized – as apparently Back does not – that "The concept of corpus delicti has become largely an anachronism." *Id.* Judge Posner has gone even farther, recognizing that "the corpus delicti rule no longer exists in the federal system." *United States v. Kerley*, 838 F.2d 932, 940 (7th Cir. 1988).

Defendant is charged with lying on his tax returns, from which crime he received over $100,000 in refunds to which he was not entitled, and with failure to file tax returns after his refund scheme was exposed.

U.S. v. Back
3:14-cr-00020-RRB-JDR        Page 5 of 12

To the extent that he seeks evidence of injury and someone's criminality as a source of the injury, the accusation is plain from the charging language of the Indictment.

Next, Back states that there is no evidence of jurisdiction, stating that "There are no facts pled proving my presence within the United States and the alleged District, nor are any facts presented that the codes of the United States are applicable to me…." This statement echoes his standard introduction to each pleading he files, wherein he refers to himself as the "alleged defendant" and avers that he is "not submitting to the court's purported yet unproven jurisdiction."

As stated above, the United States District Court has original jurisdiction of all offenses against the laws of the United States that occur in this district pursuant to Section 3231 of Title 18. The Indictment alleges an offense against the United States. Venue is an element that the government will prove at trial, established by evidence of Defendant's employment, residence, and mailing of false tax returns in Alaska.

//

To the extent that Back claims that the laws of the United States do not apply to him, this position is absurd. His challenge appears to be based on arguments that, as the defendant correctly predicts in his motion, will be characterized as "frivolous."

A citizen or resident of the United States is included in the Internal Revenue Code's definition of a United States person. 26 U.S.C. § 7701(a)(30)(A). The not-a-person argument has been dismissed by the courts as "frivolous," "patently frivolous," "fatuous," and "obviously incorrect." See *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *United States v. Karlin*, 785 F.2d 90, 91 (3d Cir. 1986); *Biermann v. Commissioner*, 769 F.2d 707, 708 (11th Cir. 1985); *United States v. Rice*, 659 F.2d 524, 528 (5th Cir. 1981); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981). Similar arguments asserting that the defendant was an "individual" and therefore not a "taxpayer" have also been rejected. See *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986).

Another popular argument is that the defendant is not subject to federal law because he or she is not a citizen of the United States, but a

citizen of a particular "sovereign" state. The not-a-citizen assertion directly contradicts the Fourteenth Amendment, which states "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside." This argument has been consistently rejected by the courts. As Judge Posner stated in *United States v. Cooper*, 170 F.3d 691, 691(7th Cir. 1999), "These arguments, frivolous when first made, have been rejected in countless cases. They are no longer merely frivolous; they are frivolous squared." *See also United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting "patently frivolous" argument that defendant was not a resident of any "federal zone" and therefore not subject to federal income tax laws); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting "shop worn" argument that defendant is a citizen of the "Indiana State Republic" and therefore "an alien beyond the jurisdictional reach of the federal courts"); *United States v. Gerads*, 999 F.2d 1255, 1256-57 (8th Cir. 1993) (imposed $1,500 sanction for frivolous appeal that included the argument that defendants were "not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently,

not subject to taxation"); *United States v. Silevan*, 985 F.2d 962, 970 (8th Cir. 1993) (rejected as "plainly frivolous" defendant's argument that he was not a "federal citizen"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejected as "imaginative" argument that defendant could not be punished under the tax laws of the United States because he was a citizen of the "Republic" of Idaho, claiming "asylum" in the "Republic" of Colorado); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991) (rejected as frivolous argument that court lacked personal jurisdiction over defendant who claimed "non-citizen," "non-resident," "freeman" status); *United States v. Sloan*, 939 F.2d 499, 500-01 (7th Cir. 1991) (rejecting "strange argument" that defendant is not subject to jurisdiction of the laws of the United States because "he is a freeborn, natural individual, a citizen of the State of Indiana, and a 'master'-not 'servant'-of his government"); *United States v. Price*, 798 F.2d 111, 113 (5th Cir. 1986) (citizens of the State of Texas are subject to the provisions of the Internal Revenue Code).

Next, Back claims that presumption of jurisdiction equates to a denial of the presumption of innocence. In support of this proposition,

he cites civil cases where federal jurisdiction was disallowed. None of these cases help him here. In a civil action, there must be either a federal question or diversity of parties, with a threshold amount in question for federal courts to exercise jurisdiction. In a criminal matter, such as the case against Back, the allegation of violation of a federal statute and venue in Alaska, is sufficient to provide notice of the charge and jurisdiction in this Court. Should that proof fail at trial, defendant has remedies under the Federal Rules of Criminal Procedure.

Back's reliance on *United States ex rel. Shaw v. DeRoberts,* 755 F.2d 1279, 1281 (7th Cir. 1985) is also misplaced. In that case, the prosecutor in a state murder trial made improper references to a police report not in evidence during the closing argument at trial. The federal district court granted habeas relief, which the Seventh Circuit affirmed. Back tries to argue that the state prosecutor's statements *at trial* about evidence that was not introduced somehow provided him with relief *before trial* because there is no evidence that the law applies to him. Back correctly states that the Indictment is not evidence. See Ninth Circuit Model Criminal Instruction 1.2. He incorrectly argues that it is

somehow "misconduct" which deprives him of a "fair trial" because the Court must presume "that jurisdiction does not exist unless proven by competent evidence."

The defendant also relies on *United States v. Bailey*, 696 F.3d 794 (9th Cir. 2012). The issue in *Bailey* concerned the admission at a criminal securities fraud trial of a prior civil complaint issued by the Securities and Exchange Commission. Based on an analysis of Federal Rule of Evidence 404(b), the court of appeals held that the district court had improperly admitted evidence of the civil action.

Again, Back misses the point of a case that he cites. He argues that the *Bailey* holding that admission of the civil complaint was insufficient evidence to prove knowledge of a violation somehow translates to the conclusion that the indictment in his case is somehow insufficient to bring him before this Court. In Back's case, he may have occasion to challenge similar evidence at or prior to his trial, as he was the subject of a United States Tax Court ruling which disallowed his claims that his wages were not taxable. That is a proper subject for a pretrial motion in limine rather than a motion to dismiss.

In conclusion, Back's raising of oft-rejected, patently frivolous tax protester arguments about jurisdiction is completely misplaced. He is evidently relying on Internet charlatans who distribute bad advice on their websites and radio broadcasts. His motion should be denied, and the Court should make further inquiries as to Back's ability to successfully represent himself at trial.

RESPECTFULLY SUBMITTED this 6th day of May, 2014, at Anchorage, Alaska.

>KAREN L. LOEFFLER
>United States Attorney
>
>s/ Thomas C. Bradley
>THOMAS C. BRADLEY
>Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2014,
a true and correct copy of the foregoing
was served electronically on:
Jamie McGrady

and certified mailed USPS to:

James Back
169 B E. Beluga Ave
Soldotna, AK 99669

s/ Thomas C. Bradley
Office of the U.S. Attorney

U.S. v. Back
3:14-cr-00020-RRB-JDR         Page 12 of 12