James Back
169 B East Beluga Ave
Soldotna, Alaska 99669
Email:   alldef2014@yahoo.com


UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case # 3:14-cr-00020-RRB |
|   aka Thomas Bradley | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| James R. Back, | ) | MOTION TO DISMISS FOR |
| Alleged Defendant. | ) | PROSECUTORIAL MISCONDUCT |

Alleged defendant James R. Back, participating under threat of violence, duress and coercion, not submitting to the court's purported yet unproven jurisdiction, nor 'appearing,' but being compelled to defend himself, moves that the court dismiss the indictment for a lack of jurisdiction and prosecutorial misconduct. The prosecutor is making arguments outside the evidence. Grounds are further set forth below.

If this motion is denied, I request a finding of facts and conclusions of law as to the basis for the denial.

1.  <u>Burden of jurisdiction and standing not established</u>. In his Response to my Motion to Strike/Dismiss Indictment, Mr. Bradley made no attempt to carry his burden of proof for jurisdiction and standing. He failed to present two essential elements of a cause of action, viz., injury and damage. He presented no facts proving the constitution and codes apply and there is jurisdiction over me. He failed to address any of my arguments. By ignoring them, he has conceded those arguments, and admitted he has neither standing nor jurisdiction. "If a party fails to counter an argument that the

Page 1 of 4
Case 3:14-cr-00020-RRB   Document 45   Filed 07/03/14   Page 1 of 5

opposing party makes in a motion, the court may treat that argument as conceded." *Day v. DC DEPT. OF CONSUMER*, 191 F. Supp. 2d 154, 159 - Dist. of Columbia (2002); "Where, as here, "a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded." (citation and internal quotations omitted)." *J&J SPORTS PRODUCTIONS, INC. v. Rivera*, Dist. Court, D. Oregon (2014). See also *Bojorquez v. WELLS FARGO BANK, NA*, Dist. Court, D. Oregon (2013). And

> "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.... Therefore, because the plaintiff has failed to address the defendants['] positions that certain claims in the complaint should be dismissed, the Court will treat those claims as conceded." *Hopkins v. WOMEN'S DIV., GEN. BD. OF GLOBAL MIN.*, 238 F. Supp. 2d 174, 175 - Dist. Court, Dist. of Columbia (2002)

Mr. Bradley continues to act as if he's already met his burden; he hasn't, and, by ignoring the arguments I made, he's conceded those arguments.

2. <u>Prosecutor argues outside the evidence</u>. Mr. Bradley makes an argument and instead of supporting it with evidence, he just cites more arguments, opinions and laws, but nothing of any substance.

He not only argues outside the evidence,

> "By going outside the evidence, the prosecutor "violated a fundamental rule, known to every lawyer, that **argument is limited to the facts in evidence**." *United States ex rel. Shaw v. De Robertis*, 755 F.2d 1279, 1281 (7th Cir. 1985) (emphasis added).

he argues <u>his complaint is evidence</u>. While this tactic is quite common, it's dishonest, and Mr. Bradley should be sanctioned for not only filing a groundless complaint, but for defending it. A complaint is not evidence and Mr. Bradley knows it:

> "We risk stating the **obvious** here: **a complaint is merely an accusation of conduct and not**, of course, **proof that the conduct alleged occurred**. The prosecution did not introduce evidence that Bailey misused the SEC rules — rather, **the prosecution offered only the complaint, <u>which is far from evidence of anything</u>**." *U.S. v. Bailey*, 696 F.3d 794, 801 (2012) (emphasis added).

And before Mr. Bradley launches into yet another straw man-filled explanation on the minutia, although the *particulars* of the actions differ, the *principle* of the cases cited apply.

In his Response, Mr. Bradley repeated the legal jargon from his indictment. I ask: where is Mr. Bradley's evidence? It wasn't in the indictment. Mr. Bradley has had time to provide the evidence and he has failed to do so.

3. <u>Prosecutor violates ABA rules of conduct</u>. Mr. Bradley is also violating the rules of conduct set forth by the ABA:

> Rule 3.1 Meritorious Claims And Contentions. A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous...
>
> Rule 3.8 Special Responsibilities Of A Prosecutor. The prosecutor in a criminal case shall: (a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause...

All Mr. Bradley has are accusations and opinions. He has no facts and witnesses with personal knowledge to support his argument the constitution and code apply to me and there is jurisdiction over me. This lack of evidence also proves the indictment is defective on it's face as this essential element of the code violations is not even alleged, let alone supported by any facts.

An argument supported by nothing more than additional opinions and arguments is still arbitrary. The rule is clear: "unless there is a basis in **law and fact** for doing so that is not frivolous..." Law AND fact. Mr. Bradley only has his argument the constitution and code apply. No facts, and no witnesses with personal knowledge. Mr. Bradley is speculating at best. It is why he can't just point to the specific facts supporting his arguments. One can only speculate how my accusation that he is violating the ABA rules of conduct in addition to engaging in misconduct will be spun.

I have stated I would plead guilty if Mr. Bradley can provide the facts and witnesses with personal knowledge proving the constitution and code apply to me. He has yet to do so.

<u>Conclusion</u>. Mr. Bradley has, by his silence in his Response to my Motion to Strike/Dismiss Indictment, conceded my argument that he has no standing and no jurisdiction. All Mr. Bradley has to do is point out where in his indictment and record there is evidence the constitution and code apply and there is jurisdiction over me. He doesn't do that because he can't. All he relies on are arguments. We can all see Mr. Bradley's position is just argument, opinion and citations, no actual evidence. 'It's turtles all the way down'.

Bringing arguments without factual support is prosecutorial misconduct and violates rules 3.1 and 3.8. The indictment should be dismissed.

Submitted this 3rd day of July 2014.

_James Back_
James Back

Certificate of service

This is to certify that a true and correct copy of the foregoing has been delivered to the courts' CM/ECF system for distribution to Plaintiff this 3rd day of July 2014.

_____
JAMES R. BACK