IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | Case No. 3:14-cr-0020-RRB |
|---|---|
| Plaintiff, | |
| vs. | **ORDER DENYING DEFENDANT'S MOTION TO RECUSE JUDGE** |
| JAMES R. BACK, | |
| Defendant. | |

Before the Court, at **Docket 59**, is Defendant with a 28 U.S.C. 455 Affidavit to Recuse Judge for Questionable Impartiality. The Government opposes at Docket 62. As the Government properly notes, the instant motion is without merit and should properly be denied.

Defendant first asserts that the Court has demonstrated a "cozy" relation with the Prosecutor. Untrue. The Court's only contact with the Prosecutor, ever, has been limited to professional contacts involving the prosecution of criminal matters brought before the Court. All of the Court's contact with the Prosecutor in this case has been in written orders served upon Defendant or in open court where Defendant was in attendance. A review of these materials indicates a proper and professional interaction with both Defendant and Prosecutor. In fact, it is clear that the Court has gone to great lengths to advise Defendant of his rights and of the importance of having legal counsel.

Defendant continues to contend that the Court lacks jurisdiction to hear this matter and suggests that this is a basis for recusal. Again, untrue. Both the Prosecutor, who Defendant refers to as "Tom," and the Court have explained to Defendant that jurisdiction properly exists in this matter. The Court previously referred Defendant to 18 U.S.C. § 3231, which provides in pertinent part: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Defendant is charged with violating the laws of the Unites States. The United States Federal Court therefore has jurisdiction to hear the matter. This is the undisputable law of the land.

Defendant makes reference to the May 15, 2014, status hearing but misrepresents the thrust of the hearing. The Court has a legal obligation to advise pro se defendants of the risks associated with self representation. The Court went to great lengths to satisfy this obligation but never pronounced Defendant's guilt. The Court made it clear that the issue of guilt or innocence was for a jury to decide, not the Court. In fact it was the Defendant who offered to plead guilty once he was satisfied of the Court's jurisdiction.

The Court can assure Defendant that he will receive a fair trial and will be afforded all the rights he is entitled to under the United States Constitution, including the presumption of innocence. The Government has not and will not be relieved of its burden of proof. For Defendant to be found guilty at trial the Government must prove the charges against him beyond a reasonable doubt.

While it is true that the Court has denied most of the motions brought by Defendant thus far, it is because the motions lacked merit, not because of any bias on the Court's part.

Defendant's suggestion that he has been denied discovery in this matter also appears to be without merit. At the aforesaid status hearing the Government set out specifically how it intended to proceed in this matter, how it hoped to prove the charges against Defendant, and the evidence it expected to rely upon. There really do not appear to be any secrets in this case. And the Court has not been provided any evidence of *Brady* violations. As has been explained to Defendant before, the time for presentation of evidence is at trial. If the Government attempts to present any improper evidence or if *Brady* violations are identified, the evidence will be excluded.

For all the reasons set forth above, as well as for those reasons identified by the Government at Docket 62, the Motion to Recuse Judge is at **Docket 59** is hereby **DENIED.**

**IT IS SO ORDERED** this 8th day of September, 2014.

                                             S/RALPH R. BEISTLINE
                                             UNITED STATES DISTRICT JUDGE