KAREN L. LOEFFLER
United States Attorney

THOMAS C. BRADLEY
Assistant U.S. Attorney
ERIN S. MELLEN
Trial Attorney, Tax Division
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Thomas.Bradley@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:14-cr-00020-RRB |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **UNITED STATES' NOTICE** |
| | ) | **OF INTENT TO ENTER** |
| vs. | ) | **EVIDENCE OF** |
| | ) | **UNCHARGED CONDUCT** |
| JAMES R. BACK, | ) | |
| | ) | |
| Defendant. | ) | |

The United States, by and through its undersigned representatives, hereby provides notice of its intent to introduce evidence of uncharged conduct pursuant to Fed. R. Evid. 404(b) during the trial of James R. Back.

I.   APPLICABLE LAW

   A.   All Relevant Evidence is Admissible

The Federal Rules of Evidence provide for an opening premise that "[a]ll relevant evidence is admissible. . . ." Fed. R. Evid. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

   B.   Evidence of Other Acts of the Defendant May be Used to Prove Willfulness

Although Rule 404 of the Federal Rules of Evidence limits the use of character evidence, Rule 404(b) provides that evidence of other crimes, wrongs, or acts may be used to prove facts of consequence to the litigation, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Ninth Circuit has adopted a four-part test to determine whether evidence is admissible pursuant to Rule 404(b): "(1) there must be a sufficient degree of evidence for the jury to find that the other acts were in fact committed; (2) the other acts evidence may only be introduced to prove

a material issue in the case; (3) the other acts must not be too remote in time to the conduct charged; and (4) the other acts must be sufficiently similar to the charged conduct when they are being introduced to show intent." *United States v. DeSalvo*, 41 F.3d 505, 509 (9th Cir. 1994). *See also United States v. Luna*, 21 F.3d 874, 878 (9th Cir. 1994). If the evidence meets the requirements of Rule 404(b), the trial court goes on to apply Fed. R. Evid. 403. *See Luna*, 21 F.3d at 878.

In *United States v. Cruz-Garcia*, 344 F.3d 951, 954 (9th Cir. 2003), the Ninth Circuit acknowledged the presumption that relevant evidence is included:

> The Federal Rules of Evidence start from the proposition that "[a]ll relevant evidence is admissible." Fed. R. Evid. 402. Rule 404(b) makes an exception for "[e]vidence of other crimes, wrongs, or acts" where that evidence "prove[s] <u>only</u> criminal disposition." *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977). But we have held that Rule 404(b) is "one of inclusion," and if evidence of prior crimes bears on other relevant issues, 404(b) will not exclude it. *Id.; accord United States v. Sangrey*, 586 F.2d 1312, 1314 (9th Cir. 1978).

*See also United States v. Rrapi*, 175 F.3d 742, 748 (9th Cir. 1999) ("'Rule 404(b) 'is a rule of inclusion'" . . . 'Unless the evidence of other crimes tends only to prove propensity, it is admissible.'") (citations omitted);

Page 3 of 11

*United States v. Hinostroza*, 297 F.3d 924, 928 (9th Cir. 2002) ("The only time [subsequent other act] evidence may be excluded by Rule 404 is if the evidence 'tends to prove <u>only</u> criminal disposition.'") (citations omitted).

If an uncharged act is "inextricably intertwined" with the charged offense, Rule 404(b) is inapplicable. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). *See also United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987) (Evidence which is "inextricably intertwined" should not be considered evidence of "other crimes."). In *Vizcarra-Martinez*, the Ninth Circuit observed that there are two general categories of cases involving uncharged conduct which is "inextricably intertwined." 66 F.3d at 1012. In the first instance, evidence may "constitute[] a part of the transaction that serves as the basis for the criminal charge." *Id.* In the second instance, admission of evidence of uncharged conduct may be "necessary . . . to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime; it is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the

commission of the crime." *Id.* at 1012-13. *See also United States v. Williams,* 989 F.2d 1061, 1070 (9th Cir. 1993) ("The policies underlying rule 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant 'is indicted for less than all of his actions.'") (citation omitted).

    C.    <u>Use of Rule 403 to Exclude Relevant Evidence is An Extraordinary Remedy and Should be Used Sparingly</u>

Evidence may be excluded under Rule 403 only if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The term "unfair prejudice" as used in Rule 403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Advisory Committee's Note. As the Ninth Circuit noted in *United States v. Pineda-Doval,* 614 F.3d 1019, 1035 (9th Cir. 2010), Rule 403 allows for the exclusion of evidence if "'it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the

Page 5 of 11

Case 3:14-cr-00020-RRB   Document 72   Filed 09/19/14   Page 5 of 11

defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.'" (citations omitted). However, "Rule 403 . . . is 'an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence.' . . . Under the terms of the rule, the danger of prejudice must not merely outweigh the probative value of the evidence, but *substantially* outweigh it." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (citations and quotations omitted) (emphasis in original).

    D.    <u>Prior and Subsequent Tax Conduct is Relevant and Admissible</u>

Both willful failure to file tax returns and filing a false tax return are specific intent crimes, requiring that the government establish that a defendant acted willfully. Accordingly, tax records from prior and subsequent years are admissible to show knowledge of tax obligations, willfulness, and to negate the argument that the defendant had a good-faith belief that he acted lawfully. *See, e.g., United States v. Ayers*, 924 F.2d 1468, 1473-74 (9th Cir. 1991) (no abuse of discretion where district court admitted other evidence of acts of concealment in same year and two years after *Klein* conspiracy ended); *United States v. Voorhies*, 658

F.2d 710, 715 (9th Cir. 1981) ("Independent evidence of willfulness may be established by 'the so-called 'badges of fraud'' and acts both prior and subsequent to the indictment period may be probative of the defendant's state of mind.") (citation omitted); *United States v. Turk*, 722 F.2d 1439, 1440-41 (9th Cir. 1983) (affirming convictions for failure to file tax returns for 1978, 1979, and 1980 based on refusal to answer questions on return other than name and social security number, where defendant's 1975 and 1976 tax returns were also admitted); *United States v. Buras*, 633 F.2d 1356, 1359 (9th Cir. 1980) (in prosecution for willful failure to file returns for 1974 to 1977, evidence was admitted to show that defendant filed returns between 1966 and 1973, "thus indicating an awareness of his legal obligation to file" and "[a] similar pattern was established with regard to withholding"); *United States v. Bohrer*, 807 F.2d 159, 161 (10th Cir. 1986) ("it is well established that filing tax returns in prior years is evidence of willfulness").

A defendant's attitude toward the tax system is also relevant to prove willfulness. *See, e.g., United States v. Turano*, 802 F.2d 10, 12 (1st Cir. 1986) (citations omitted) ("'Evidence of a person's philosophy, motivation and activities as a tax protester is relevant and material to

the question of intent.'"); *United States v. Farber*, 630 F.2d 569, 571-72 (8th Cir. 1980) ("voluminous tax documents which could fairly be characterized as tax protester materials for years subsequent to [tax year appearing in Indictment]" were admissible to show intent and willfulness). *See also United States v. Bergman*, 813 F.2d 1027, 1029 (9th Cir. 1987) (finding the term "tax protester" appropriate and noting that "[r]eferences to [defendant's] 'tax protest' activities were also probative of his willfulness in violating the tax laws."). Accordingly, evidence that a defendant held or espoused particular beliefs concerning the tax system is admissible to show willfulness.

## II.   DISCUSSION

Out of an abundance of caution, the government has included discussion of certain evidence which should not be subject to Rule 404(b)'s limitations because it is "inextricably intertwined" with the charged conduct. Accordingly, this notice includes a more comprehensive discussion of evidence than required by Rule 404(b). Substantially all of the evidence discussed in this pleading has been provided to the defendant during discovery.

A. <u>Evidence of Prior and Subsequent Tax Conduct - Individual Income Tax</u>

Back is charged with three counts of filing a false tax return for 2006, 2007, and 2008, in violation of 26 U.S.C. § 7206(1), and two counts of willful failure to file individual income tax returns for 2009, 2010, 2011, and 2012, in violation of 26 U.S.C. § 7203. To prove that Back acted willfully in committing these offenses, the government intends to introduce evidence of Back's prior and subsequent tax history, which demonstrates Back's knowledge of his filing requirements and intent. For certain tax years, at least 2000 through 2005, Back filed individual income tax returns, illustrating his knowledge of the requirement to file income tax returns.

The government also intends to introduce evidence that for tax year 2013, Back failed to file an individual income tax return. The government has provided defense counsel with earning statements which prove that Back earned gross income well in excess of the minimum filing requirements, and Back's failure to file tax returns for years outside the years charged in the Indictment is evidence of willfulness. The Indictment charges Back with filing false returns for

2006, 2007, and 2008 based upon his deliberate misstatement of his wages on this individual income tax returns. This concealment of income was intended to prevent the IRS from accurately determining his income and assessing tax, which resulted in significant overpayment of refunds. Accordingly, evidence which is relevant to prove Back willfully filed false individual income tax returns for 2006, 2007, and 2008 is not subject to Rule 404(b).

In addition, the United States intends to offer evidence of financial acumen, awareness, and sophistication on the part of the defendant. As referenced in the trial brief, James Back accumulated significant investments in securities and gold bullion during the prosecution years, evidencing a net worth of over one million dollars, an interest in financial matters, and the ability to pay his taxes if he so desired.

Finally, Back did pay his Kenai Peninsula Borough property taxes, although he did so under protest. This shows both his attitude toward taxes and his knowledge of the need to pay them, along with his willingness to do so in some instances.

III. <u>CONCLUSION</u>

As set forth above, the government hereby provides notice of its intent to introduce the above evidence during the trial of James Back. This evidence may be introduced in the government's case in chief, as impeachment, or in rebuttal. For the reasons set forth above, the government's position is that the evidence discussed in this filing is admissible either because it is inextricably intertwined with the charged conduct, or for the limited purposes set forth in Fed. R. Evid. 404(b).

RESPECTFULLY submitted this 19th day of September, 2014, at Anchorage, Alaska.

> KAREN L. LOEFFLER
> United States Attorney
>
> <u>s/ Thomas C. Bradley</u>
> THOMAS C. BRADLEY
> Assistant U.S. Attorney
> United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on September 19, 2014 2014,
a true and correct copy of the foregoing
was served electronically on:
Jamie McGrady
James Back

s/ Thomas C. Bradley
Office of the U.S. Attorney