Jamie McGrady
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400
(907) 646-3480 fax

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JAMES R. BACK, Defendant. | Case No. 3:14-CR-00020-RRB **SENTENCING MEMORANDUM** |

Defendant, James R. Back, by and through standby counsel Jamie McGrady, Assistant Federal Defender, files this sentencing memorandum to aid at the imposition of sentence hearing scheduled for December 16, 2014 before the Honorable Judge Ralph R. Beistline. Mr. Back filed no unresolved objections to the Presentence Report ("PSR"), and agrees with its factual findings. Mr. Back recommends that the Court impose a sentence of one year and one day of imprisonment, a one year term of supervised release including as part of his supervised release, a period of home confinement in his home in Soldotna, Alaska, and a $400 special assessment. Mr. Back agrees with the PSR which recommends a fine of $5,000.00. Mr. Back also agrees to pay the costs of prosecution in the amount of $17,240.59. Finally, Mr. Back will pay restitution to the Internal

Revenue Service in the amount of $113,286.00 at the time of sentencing. A brief discussion of the relevant 3553(a) factors that support the above sentence follows.

## I.  18 USC § 3553(A) FACTORS.

The Court must consider the factors and purposes enumerated in Section 3553(a) of Title 18, United States Code, when imposing an appropriate sentence. The proposed sentence is sufficient, but no greater than necessary, to achieve these goals.

## II.  NATURE OF THE OFFENSE.

Mr. Back paid his taxes for his entire adult life, until he read a book, published in 2003, entitled "*Cracking the Code*" by Peter Eric Hendrickson[1]. In *Cracking the Code* the author provides a novel definition for "income" and makes the argument that income tax only applies to people who are employed by foreign corporations or the federal government. Mr. Back then started to question the legitimacy of taxation generally, and started researching various tax protester internet sites and books promoted by those sites.

There is an entire industry devoted to the futile pursuit to evade taxation. Purveyors of these websites feed off the naiveté of their customers and profit from their reliance on what amounts to horrible advice. Friends of Mr. Back universally describe him as stubborn and gullible, arguably the perfect combination of consumer traits for those looking to profit from this type of endeavor.

---

[1] Hendrickson was convicted by a jury in 2009 for filing false documents and was sentenced to 33 months. *See* United States v. Peter Hendrickson, No. 2:08-cr-20585-DML-DAS (USCD E.D. Mich.)

When Mr. Back was finally charged in Federal Court in the instant case, he turned to a notorious tax protester named Marc Stevens for assistance. Mr. Stevens hosts a website and an internet radio show devoted to the idea of a stateless, voluntary society where taxation does not exist. (*See* http://marcstevens.net/ and specifically http://marcstevens.net/articles/tax-predators-violence-cruelty-dishonest-hostility.html, http://marcstevens.net/articles/common-judicial-lies-yes-judges-lie-time.html, for arguments reminiscent of those Mr. Back argued during trial.) Mr. Back was influenced by, and in essence, was "represented" by Mr. Stevens during his trial. Mr. Stevens charges $100 per hour for phone consultations and was well compensated by Mr. Back for his "counsel". All of the pleadings filed by Mr. Back were prepared by Mr. Stevens. Mr. Back provided Mr. Stevens with transportation and lodging to attend the jury trial. Mr. Back disregarded the advice of standby counsel, and instead, relied solely on the advice of Mr. Stevens during breaks in the jury trial. Interestingly, Mr. Stevens sat through most of the trial, but flew back to Arizona prior to the jury verdict. After Mr. Back was remanded into custody, standby counsel received a "Motion for judgment notwithstanding the verdict" purportedly drafted by Mr. Back for filing with the Court. This document espoused the same philosophy (and font) as Mr. Back's other filings, and was in fact sent by Mr. Stevens. (*See* Exhibit A.)

Mr. Back now realizes that Mr. Stevens used him as a pawn to further his own agenda with respect to the federal government. Mr. Stevens took to the airwaves after the conviction to criticize Mr. Back's performance and distance himself from the loss in Federal Court. One week after his conviction, Mr. Back sent a letter to the court acknowledging the "error of [his] ways in stubbornly dealing with the tax system." (*See* SEALED Docket No. 95.) He also expressed his desire to make

things right by paying fines, restitution, and costs of prosecution. This abrupt change in demeanor bodes well for Mr. Back's prospects for rehabilitation and compliance during supervision.

### III. CHARACTERISTICS OF THE OFFENDER.

Prior to his introduction to the protester movement, Mr. Back was a productive member of society for many years. He was employed by Alyeska Pipeline Company since 1977, and was liked and respected by his colleagues. The letters filed as Exhibit B paint the picture of a loyal son, a helpful friend, and a good hearted neighbor. Mr. Back has elderly parents in Soldotna who depend on him for help in their advancing years. They came to Anchorage in October and watched in despair as their son was convicted by a jury. Mr. Back's father, Ed, had to leave during the trial to receive his dialysis treatments in Anchorage. Mr. James Back now acknowledges the futility of his actions in this case and understands the disappointment his parents endure during his absence while incarcerated. This Court should consider Mr. Back's many years of model citizenship in fashioning an appropriate sentence. Mr. Back will comply with the tax laws after his release from prison. The filing of his tax returns is an indication of his willingness to comply with the requirements of filing tax returns in the future.

### IV. DETERRENCE.

Mr. Back understands the government's arguments regarding general deterrence, but counters that for the average citizen, any amount of time in a federal incarcerative setting would serve as a deterrent. A citizen who muses about challenging the government's right to tax citizens will be deterred by six months in prison as much as a year in prison and so on. Mr. Back, who has lived a somewhat sheltered life, has certainly had an interesting education since he has been

incarcerated, and the average citizen would be appalled to receive any length of sentence in addition to a felony conviction followed by federal supervision.

## V. AVOIDING UNWARRANTED DISPARITIES.

A sentence of one year and one day, combined with a period of home detention is in line with other recent sentences in this district for similarly situated defendants.

In *United States v. Jokela*, 3:11-CR-00062-HRH, Gary Jokela pled guilty to one count of evasion of tax payment. He was sentenced to a year in prison and, although he was ordered to pay approximately $52,000 in restitution, he accrued a tax debt of *nearly $200,000.* His wife, Marladeen Jokela, also pled guilty and was sentenced to six months in jail, plus restitution. The government, in that case, recommended the above sentences, and also recommended a $10,000 fine, as opposed to a fine of $50,000 as is recommended in this case, even though the Jokelas evaded their tax obligations for *almost three decades.*

In *United States v. Gilburn*, 3:06-CR-0058-JWS, the court imposed 12 months of home confinement and five years' probation in a tax case that involved just under $200,000 in tax loss over six years. Dr. Gilburn was a physician with no criminal record.

In *United States v. Bills*, 3:05-CR-026, Dr. Bills, a dentist, pled guilty to one count of failure to file and was sentenced to 12 months of imprisonment, consisting of six months in prison and six months in a halfway house. Bills, who had no criminal record, acknowledged a tax loss of $194,000 over four years.

In *United States v. Fernandez*, 3:08-CR-031 and 3:08-CR-032, criminal tax defendants who pled guilty to failing to file tax returns, were sentenced to five years' probation and a year of

home confinement. The tax loss was admittedly over $120,000. Both defendants were local professionals with no criminal history.

In *United States v. Shoffstall*, 4:09-CR-00023-01-RRB, the defendant received 38 months for evading taxes related to a multi-million dollar business *for nearly two decades*. Schoffstall also continued to refuse to accept responsibility post-conviction and continued to defy the legitimacy of the government's taxing authority.

In *United States v. Warner*, 3:07-CR-00123-RRB, Eugene Warner was sentenced to 37 months on his *second* federal conviction. His guideline range was 37-46 months and the government agreed to recommend a low end sentence, 37 months. Mr. Warner had engaged in an extremely complex scheme involving the filing of false tax returns, bankruptcy fraud, and mail fraud through which *more than $500,000* in taxes were owed. This is significantly more taxes than Mr. Back owes, and an evasion scheme that was extremely complex. Mr. Warner was a much worse offender. If simply by admitting his wrongdoing Mr. Warner received a sentence of 37 months, Mr. Back should receive a significantly lower sentence in light of the filing of his tax returns, which is in essence, an admission and acknowledgement of his obligation and duty to file tax returns.

This Court also sentenced tax protestor Donald Hymes to 28 months of imprisonment in 2003, 4:02-CR-00019-RRB. The amount of taxes he owed was judged to have been *$234,320.* In addition, Mr. Hymes *stole $78,000 of federal funds* by collecting social security and other government payments for a spouse who was deceased. Mr. Hymes was perhaps one of the most prolific tax protestors this Court has seen and he was only sentenced to 28 months of incarceration. Mr. Back should receive a sentence well under Mr. Hymes' sentence.

Most of the defendants whose sentences have just been described were professionals. This case is not any more unusual than the aforementioned tax evasion cases. Mr. Back does not deserve a high end guideline sentence simply because he exercised his constitutional right to a jury trial. He has already lost his points for acceptance of responsibility and is exposed to a higher guidelines range as a result of this decision. He should be sentenced like similarly situated defendants; and his remorse, which is not countenanced by the guidelines, should be considered as a § 3553(a) mitigating factor.

## VI. RESTITUTION.

Mr. Back, having filed his tax returns, plans to settle his debt with the court and with the IRS at the time of sentencing. The government has requested restitution in the amount of $113,707.00. Mr. Back is prepared to pay restitution in the amount of $113,286.00, based on the tax returns submitted to IRS agent Kelly for tax years 2006-2013.

## VII. FINE.

Mr. Back requests a fine of $5000.00, at the low end of the applicable range. Although Mr. Back does have assets, he is paying his entire obligation to the IRS at the time of sentencing. In addition, he will be ineligible for rehire after he is released from custody. This conviction has essentially forced retirement upon Mr. Back, and he will have to rely on his now existing assets throughout his retirement. At age 60, and in good health, Mr. Back is facing an early retirement and a healthy life expectancy.

## VIII. CONCLUSION.

Mr. Back stands before the Court contrite and ready to move on with his life. His conduct at trial is mitigated by his renewed desire to bring his behavior into compliance with the law. He is

attempting to the best of his ability to correct his mistakes regarding his taxes. A sentence of one year and one day of incarceration, followed by a period of home confinement and one year of supervised release is an appropriate resolution in this case.

DATED this 10th day of December, 2014.

>Respectfully submitted,
>
>FEDERAL PUBLIC DEFENDER
>FOR THE DISTRICT OF ALASKA
>
>*/s/ Jamie McGrady*
>Jamie McGrady
>Assistant Federal Defender
>Alaska Bar No. 0405022
>(907) 646-3405
>jamie_mcgrady@fd.org

Certification:

I certify that on December 10, 2014, a copy of the foregoing document, with attachments, was served electronically on:

Thomas Bradley, Assistant U.S. Attorney

*/s/ Jamie McGrady*

*United States v. James R. Back*
Case No. 3:14-CR-00020-RRB                                                                                          Page 8 of 8

Case 3:14-cr-00020-RRB   Document 103   Filed 12/10/14   Page 8 of 8