James Back

United States District Court
District of Alaska

| | | |
|---|---|---|
| UNITED STATES OF AMERICA" aka "Tom Bradley",<br><br>    plaintiff,<br><br>vs.<br><br>James Back,<br><br>    alleged defendant | ) ) ) ) ) ) ) ) ) ) ) | Case' No. 3:14-cr-00020-RRB<br><br>Motion for judgment notwithstanding the verdict |

Comes now James Back, participating under threat, duress and coercion who moves the court for judgment notwithstanding the verdict. The trial was not fair and reasonable doubt was established. There are many due process violations. Grounds are further set forth below.

1. <u>Witnesses committed perjury</u>. Non government witnesses, such as Cathy Taylor, were asked directly if they were forced to testify. All stated they were testifying of their own free will and not forced. This is not true when under subpoena. Judge Beistline refused to be open and tell the witnesses and jury what would happen if the witness did not comply with the subpoena. They continued to claim that despite being under subpoena they were acting freely.

Their testimony they were not forced is counter to the facts. They intentionally misstated the facts; probably out of fear of those who forced them to testify. That is perjury, 18 USC 1621.

Also, it strains credulity that the witnesses are not afraid of the IRS. The fact they got upset tends to support the obvious: that like everyone else, these witness are afraid of the IRS.

2. <u>Hostile witness</u>. Witness from the IRS Ms. Henline, was not openly hostile towards me, but she admitted she *resented* me. She was visibly very angry on the stand. This certainly influenced her testimony, including the fact she testified Pete Hendrickson was convicted, but then refused to answer

questions on cross-examination regarding Pete by lying she was not permitted to discuss another case.

Being so pro-taxation influenced her testimony against me, that is why she testified about Pete Hendrickson being convicted (that prejudiced me with the jury) but refused to answer questions about Hendrickson on cross-examination.

3. <u>Most testimony was coerced</u>. Most of the testimony was coerced. All the documents the IRS "experts" testified to were gotten coercively.

It's not a question whether the testimony was coerced, it was. The only question is whether the prosecution will continue to be given a free pass to rely on coerced testimony. Coerced testimony, like confessions, is supposed to be inadmissible. It's the definition of unfair. It's repugnant to any principal of due process and justice.

My question is: can a trial be fair when the witnesses and jury are coerced to testify and participate? The answer is no. A fair trial does not rely on coerced testimony. Brendan said he would not have testified against me unless he was forced (subpoenaed).

4. <u>Jury biased</u>. The fact the jury is also coerced to participate is bad enough, but when the jury is also paid by taxation, it is an undue influence on the jury.

The jurors see the judge as an authority figure, the fact the judge forced them to be there and is also paid by taxation unduly influenced a jury who is already pro-taxation.

5. <u>Prosecution used the phrase "tax cheat"</u>. I didn't catch it at the time, and standby counsel was not paying attention, but I it was reported to me judge Beistline did notice. Bradley referred to me as a "tax cheat" when he and the IRS witness dishonestly made light of the word "taxpayer". I should have objected, but due to the stress of defending myself against a team there was too much to focus on and I missed it.

Calling me a "tax cheat" will affect such a pro-taxation jury, it was done to prejudice me and I think it's grounds for a mistrial. It was certainly unfair. Judge Beistline should have said something even if I didn't and standby counsel were preoccupied.

And whether one is a taxpayer is an issue of law and the judge ruled the witnesses could not testify to issues of law, only fact. But this did not stop the prosecution from using it to prejudice the jury against me. It was dishonest at best to claim the word taxpayer is meaningless, that like saying the word rapist is meaningless. It is a legal opinion, based on the US code, it's not meaningless and it prejudiced me with the jury.

6. <u>Reasonable doubt was established</u>. Even with just the two IRS witnesses, Kristy Morgan and Shawn Henline there was reasonable doubt. These are IRS experts with a total of 65 years of combined experience, who both admitted that despite their testimony and the documents entered, they had no personal knowledge the code applied, that it created a legitimate obligation and I knew there was a legitimate obligation.

Now if it's reasonable for the IRS experts to look at the financial information and not believe there was any obligation, then it is for me. They both testified to not having any personal knowledge of any facts proving the code applied, there was a legitimate obligation and that I was a taxpayer. I didn't see any evidence either. The facts prove I have a good faith belief that negates willfulness:

> 1   "A good-faith misunderstanding of the law or a good-faith belief that one is not violating the law negates willfulness, whether or not the claimed belief or misunderstanding is objectively reasonable. Statutory willfulness, which protects the average citizen from prosecution for innocent mistakes made due to the complexity of the tax laws, <u>United States v. Murdock</u>, 290 U. S. 389, is the voluntary, intentional violation of a known legal duty." <u>Cheek v. United States</u>, 498 U.S. 192 (1991)

In addition, as compliance is under threat, duress and coercion, that is direct evidence I did not believe there was a legal duty, any compliance was to avoid prison.

**Exhibit A, Page 3 of 4**

Case 3:14-cr-00020-RRB   Document 103-1   Filed 12/10/14   Page 3 of 4

Everything by people called government is done with a threat: pay or go to jail, testify or go to jail, give us the documents or go to jail, participate as juror or go to jail. With government you have no choice, do xyz or go to jail; threat duress and coercion is the MO. All the prosecution can rely on to justify all this coercion on their behalf is the double-standard fallacy or an appeal to tradition. They cannot refute the facts and logic.

7. <u>No foundation for documents</u>. As the IRS experts Morgan and Henline testified, the documents they testified to did not prove the constitution and code applied, didn't prove there was a legitimate obligation and that I believed there was an obligation.

Each document should have been struck for a lack of foundation and relevance.

8. Whiteboard was necessary to show reasonable doubt. While my elements were not word for word, they were very close in substance and not misleading the jury. I am not a good public speaker and the prosecution had lots of irrelevant documents and testimony. The whiteboard made it much easier for me to demonstrate the reasonable, it was disgraceful it was not permitted.

The code has to be applicable for the code to create a liability or duty. I had to believe there was a legitimate obligation (known legal duty) and I had to willfully not comply. Those are the same elements the judge read out. It greatly hindered my defense.

<u>Conclusion</u>. Based on the foregoing, the court should enter judgment of acquittal notwithstanding the verdict.

Submitted this ___ day of October 2014

_____
James Back

Certificate of service

This is to certify that a true and correct copy of the foregoing has been delivered to the courts CM/ECF system for service on plaintiff's counsel this -- day of October 2014.

_____
James Back