IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES BACK,<br><br>    Defendant. | Case No. 3:14-cr-00020-RRB<br><br>**SECOND ORDER REGARDING<br>MOTION TO MODIFY JUDGMENT**<br>**(Docket 160)** |

    Defendant, James Back, previously filed a motion seeking relief from the restrictions imposed upon him pursuant to 18 U.S.C. § 922(g)(1), which makes it is unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition.[1] The government opposed the motion.[2] Defendant relied on *United States v. Duarte*, which held that § 922(g)(1), as applied, violated a felon's "fundamental right" to possess a firearm for self-defense.[3] Given that a request for an *en banc* hearing was pending in *Duarte*, this Court declined to rely on *Duarte* and denied the motion without prejudice on July 15, 2024.[4] Two days later, the Ninth Circuit ordered that *Duarte* be reheard *en banc*, and vacated the three-judge panel decision.[5]

---

[1] Docket 160.
[2] Docket 161.
[3] 101 F.4th 657, 691 (9th Cir. 2024).
[4] Docket 162.
[5] *United States v. Duarte*, 108 F.4th 786 (9th Cir. 2024).

On September 20, 2024, the Court received a letter from Defendant asking for a ruling on the above-referenced motion.[6] It became clear that Defendant did not receive the government's Opposition, nor did he receive the Court's prior order.[7] Copies of the foregoing were mailed to Mr. Back on September 23, 2024.[8] Mr. Back requests permission to file a late Reply in light of the foregoing errors.[9] Such a request is, of course, GRANTED, and the Court now has reviewed Mr. Back's Rebuttal to the Government's Opposition to Modify Judgment.[10]

As this Court explained in its prior order, in *United States v. Rahimi* the United States Supreme Court recently has reaffirmed the lawfulness of prohibiting possession of firearms in the context of those whose crimes threatened the physical safety of others.[11] In so doing, the Court specifically cited its 2008 opinion that "many such prohibitions, like those of the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'"[12] No distinction was made between violent and non-violent felons.

Defendant argues that *Rahimi* dealt specifically with domestic violence restraining orders, and not with the broader category of non-violent felons as addressed in *Duarte*. Accordingly, he reasons that "*Rahimi* does not directly undermine the reasoning in *Duarte*."[13] However, as the *Duarte* opinion has been vacated, even if the Court was persuaded by Defendant's arguments, *Duarte* is no longer good law. Therefore, for the reasons set forth above and in the

---

[6] Docket 163.
[7] Docket 165.
[8] Mr. Back has asked for "acknowledgment of the oversight by the Court." Docket 165. Indeed, a series of clerical errors prevented the order from being mailed to Mr. Back. The failure of the U.S. Attorney to mail Mr. Back a copy of the opposition is a separate, unfortunate error.
[9] Docket 165.
[10] Docket 164.
[11] *See United States v. Rahimi*, 602 U.S. ___, 144 S. Ct. 1889, 1902 (2024).
[12] *Id.* (citing *District of Columbia, et al., v. Heller*, 554 U.S. 570, 626, 627, n.26 (2008)).
[13] Docket 164 at 2.

*United States v. Back*      Case No. 3:14-CR-00020 RRB
Second Order Regarding Motion to Modify Judgment (Docket 160)      Page 2
Case 3:14-cr-00020-RRB     Document 167     Filed 10/18/24     Page 2 of 3

prior order, the Court declines to change its prior ruling at Docket 162 denying the Motion to Modify Judgment.

IT IS SO ORDERED this 18th day of October, 2024, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge